UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO LOPEZ III and SOTERO
MONTELLANO LOPEZ III CORP.,

      Plaintiffs,                                     Case No. 2:24-cv-10647

v.                                                Honorable Susan K. DeClercq
                                                    United States District Judge

FIRST MERCHANTS CORP. et al.,

      Defendants.
_____/

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

      Plaintiffs Sotero Lopez III and his eponymous corporation have filed a *pro se* complaint against First Merchants Corporation, Bryan Sparks, the Internal Revenue Service, and the Federal Reserve's Board of Governors. ECF No. 1. Plaintiffs sue for breach of contract under Michigan law and allege diversity jurisdiction under 28 U.S.C. § 1332. *Id.* But they also allege that all parties are Michigan citizens, ECF No. 1 at PageID.1–3, which would destroy diversity. So Plaintiffs were directed to show cause why the case should not be dismissed for lack of subject-matter jurisdiction and why the corporation should not be dismissed from the case for proceeding without an attorney, ECF No. 5.

      On May 6, 2024, Plaintiffs responded that they "possess the requisite legal competence and proficiency to serve as an attorney-in-fact," and that "no court of

law . . . should entertain notions of [Lopez's] incapacity or ineligibility to represent . . . the interests of designated corporations." ECF No. 7 at PageID.341. At the same time, Plaintiffs also "request that SOTERO MONTELLANO LOPEZ III CORP be dropped as a plaintiff party . . . leaving only Sotero Lopez III as the sole plaintiff." *Id.* at PageID.341. That request will be granted, and the corporation will be dismissed. *See* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

But that does not address subject-matter jurisdiction, which Plaintiffs must demonstrate. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Here, Plaintiffs acknowledge that the parties are not completely diverse. ECF No. 7 at PageID.341 ("[B]oth individual defendant Bryan Sparks and plaintiff Sotero Lopez III [are] located within the borders of Michigan state, [which] effectively negates any diversity of citizenship considerations."); *see also* 28 U.S.C. § 1332(a).

Plaintiffs also attempt to invoke federal-question jurisdiction under 28 U.S.C. § 1331, arguing that the case "pertains to a federal question." ECF No. 7 at PageID.341. The only possible basis for federal-question jurisdiction here is Executive Order 13,818, which Lopez cites in the complaint. *See* ECF No. 1 at PageID.4. But Executive Order 13,818 expressly disclaims a private right of action. Exec. Order No. 13,818, 82 Fed. Reg. 60839 (Dec. 26, 2017) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural,

enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."). Thus, Plaintiffs may not rely on Executive Order 13,818 to establish federal-question jurisdiction. *Cf. Touche Ross & Co. v. Redington*, 442 U.S. 560, 571, (1979) (holding that courts should not "find such a right of action implicit within the [provision]" if "the plain language of the provision weighs against implication of a private remedy." (collecting cases)).

In sum, because Lopez has not established a proper basis for subject-matter jurisdiction, the complaint must be dismissed. *See* FED. R. CIV. P. 41(b).

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED**.

Dated: 4/10/2024  */s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge